IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| KERRI FRANKLIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18-00199-CV-RK |
| | ) |
| ACTING COMMISSIONER OF | ) |
| SOCIAL SECURITY; | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Before the Court is Plaintiff's appeal brought under 42 U.S.C. § 405(g) seeking review of Defendant Commissioner of Social Security Administration's ("SSA") denial of disability benefits as rendered in a decision by an Administrative Law Judge ("ALJ"). For the reasons below, the decision of the ALJ is **AFFIRMED**.

**Standard of Review**

The Court's review of the ALJ's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)). "Substantial evidence is less than a preponderance of the evidence, but is 'such relevant evidence as a reasonable mind would find adequate to support the [ALJ's] conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). In determining whether existing evidence is substantial, the Court takes into account "evidence that detracts from the [ALJ's] decision as well as evidence that supports it." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (citation omitted). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (citing *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). The Court does not "re-weigh the evidence presented to the ALJ." *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (citing *Baldwin v.*

*Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003)). The Court must "defer heavily to the findings and conclusions of the [ALJ]." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citation omitted).

## Discussion

By way of overview, the ALJ determined that Plaintiff suffers from the following severe impairments: degenerative disc disease of the cervical and lumbar spine; obesity; asthma; osteoarthritis of the right knee; and bilateral carpel tunnel syndrome. The ALJ also determined that Plaintiff has the following non-severe impairments: hypertension; inflammatory bowel disease; gastroesophageal reflux disease; stress incontinence; genital carcinoma; MRSA cellulitis without signs of immunosuppression; rheumatoid arthritis; migraine headaches; mild osteoarthritis; carpel tunnel syndrome; and history of asthma. However, the ALJ found that none of Plaintiff's impairments, whether considered alone or in combination, meet or medically equals the criteria of one of the listed impairments in 20 CFR Pt. 404, Subpt. P, App. 1 ("Listing"). Additionally, the ALJ found that despite her limitations, Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following exceptions: Plaintiff can occasionally balance, stoop, kneel, and/or climb ramps and stairs; never crouch, crawl, climb ladders, climb ropes, or climb scaffolds; frequently use the upper extremities for handling bilaterally; avoid frequent exposure to extreme cold, extreme heat, wetness, humidity, vibration, and pulmonary irritants such as fumes, odors, dusts, gases, and poor ventilation; and avoid hazards such as dangerous machinery and unprotected heights. Although the ALJ found that Plaintiff is unable to perform any past relevant work, the ALJ determined that, considering Plaintiff's age, education, work experience, and RFC, Plaintiff can perform jobs that exist in significant numbers in the national economy.

On appeal, Plaintiff argues the ALJ's RFC determination is not supported by substantial evidence because it does not award sufficient weight to Dr. Dennis Velez, M.D.'s opinion.[1] Dr. Velez was a consultative examiner, and the ALJ gave Dr. Velez's opinion little weight for the following reasons: Dr. Velez only examined Plaintiff once, over two years prior to the ALJ's decision; Dr. Velez's opinion is vague and internally inconsistent; and Dr. Velez's findings appear

---

[1] Dr. Velez opined that Plaintiff "would not have any limitations with regards to sitting or standing, however, she would have difficulties walking, lifting and carrying for more than one-third[] of the time, especially if required to squat." (Tr. 261.)

to be largely based on Plaintiff's subjective complaints.[2]  It is the province of the ALJ to weigh the medical opinions of record, formulate the plaintiff's RFC, and make the ultimate disability determination.  *Renstrom v. Astrue*, 680 F.3d 1057, 1064-65 (8th Cir. 2012).

## Conclusion

Having carefully reviewed the record before the Court and the parties' submissions on appeal, the Court concludes that substantial evidence on the record as a whole supports the ALJ's decision.  Accordingly, the decision of the ALJ is **AFFIRMED**.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark<br>
ROSEANN A. KETCHMARK, JUDGE<br>
UNITED STATES DISTRICT COURT

DATED:  July 8, 2019

---

[2] For instance, Dr. Velez opined that Plaintiff would have difficulty walking more than one-third of the time; however, Dr. Velez did not provide any limitations on Plaintiff's ability to stand.  Dr. Velez did not provide how much weight would be required to inhibit Plaintiff's lifting or carrying abilities.  Despite Dr. Velez's restrictive findings, it appears his restrictive opinion was largely based on Plaintiff's subjective complaints because Dr. Velez's treatment notes indicated Plaintiff had normal gait and stance, full upper and lower extremity strength, normal knee range of motion, and a normal motor and sensory examination.  *See Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001) (the ALJ may discount or reject a medical opinion when that opinion is inconsistent with the record as a whole); *Hacker v. Barnhart*, 459 F.3d 934, 937 (8th Cir. 2006) (a physician's own inconsistencies may undermine his opinion and diminish or eliminate the weight given to that physician's opinion); *Gonzales v. Barnhart*, 465 F.3d 890, 895 (8th Cir. 2006) (an ALJ may award less weight to a medical opinion when that opinion appears to be largely based on the plaintiff's subjective complaints).